WO                                                                                    MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Ronnie Lovelle Joseph,                    )    No. CV 06-1703-PHX-SMM (VAM)
                                          )
             Plaintiff,                   )    **ORDER**
                                          )
vs.                                       )
                                          )
                                          )
Joseph M. Arpaio, et al.,                 )
                                          )
             Defendants.                  )
                                          )
_____   )

        Plaintiff Ronnie Lovelle Joseph, confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983[1] and an Application to Proceed *In Forma Pauperis*.  On August 8, 2006, Plaintiff filed a Motion for Appointment of Counsel (Doc. #3).   On August 10, 2006, Plaintiff filed a Motion for Production of Documents seeking "all potentially exculpatory documentary evidence" regarding the purchases of meats (Doc. #4) and a Motion for Production of Documents regarding the Special Meals Program (Doc. #5).

_____

        [1]This is one of more than 1,000 civil rights actions filed since September 2004 by Maricopa County Jail inmates. Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

TERMPSREF

The Court will order Defendant Joseph M. Arpaio to answer Count Five of the Complaint and will dismiss the remaining claims and Defendants without prejudice. The Court will deny without prejudice the motions for counsel and production of documents.

## I. Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. The Court will assess an initial partial filing fee of $7.00. 28 U.S.C.§ 1915(b)(1)(A). The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

In his five-count Complaint, Plaintiff sues Defendants Maricopa County Sheriff Joseph M. Arpaio and John Does Jail Officials.

In Count One, Plaintiff alleges that his Fourteenth Amendment right of access to the courts and his rights under the consent decree in Hart v. Hill have been violated because the

1  jail's Inmate Legal Services refuses to supply *pro se* inmates with legal research materials

2  unless the inmate has a civil case number.

3       In Count Two, Plaintiff contends that his Fifth and Fourteenth Amendment rights have

4  been violated because he is being deprived of his "constitutionally protected liberty interest

5  in not being deprived of [his] rights secured by consent decree."

6       In Count Three, Plaintiff alleges that his Fourteenth Amendment due process rights

7  have been violated because he was placed on an administrative special meals program food

8  loaf on August 13, 2005.  He asserts this was an "arbitrary punishment & erroneous

9  deprivation without due process."

10      In Count Four, Plaintiff contends his Fourteenth Amendment due process rights were

11  violated because he was placed on the administrative special meals program loaf on April 27,

12  2006.  He alleges that he was placed on the special meals program loaf because of an assault

13  that never occurred and that placement on the special meals program loaf constituted an

14  "erroneous arbitrary deprivation of [his] right to receive regular jail meals" and a "deliberate

15  & unnecessary withholding of foods essential to normal health."  He also contends that he

16  did not receive due process.

17      In Count Five, Plaintiff alleges that Defendant Arpaio violated his Eighth Amendment

18  rights by deliberately torturing him by placing him on an unconstitutional meals program.

19      In his Request for Relief, Plaintiff seeks monetary damages, declaratory and injunctive

20  relief, court costs and filing fees, and post-judgment interest.

21      Liberally construed, Plaintiff has adequately stated a claim against Defendant Arpaio

22  in Count Five of the Complaint.  The Court will require Defendant Arpaio to file an answer

23  to Count Five of the Complaint.

24  **IV.  Failure to Link Defendants with Injuries**

25      **A.  John Doe Defendants**

26      To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

27  injury as a result of specific conduct of a defendant and show an affirmative link between the

28  injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377

(1976). Plaintiff has failed to demonstrate a link between the John Doe Defendants' conduct and Plaintiff's alleged injuries. Therefore, the John Doe Defendants will be dismissed without prejudice from this case.

**B. Defendant Arpaio**

To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

Plaintiff does not allege that Defendant Arpaio personally participated in a deprivation of his constitutional rights in Counts One, Two, Three, or Four, nor does Plaintiff allege that Defendant Arpaio was aware of a deprivation and failed to act. Because Plaintiff has failed to demonstrate a link between Defendant Arpaio's conduct and Plaintiff's alleged injuries in Counts One, Two, Three, and Four, the Court will dismiss without prejudice those counts against Defendant Arpaio.

**V. Failure to State a Claim**

The deficiencies in Plaintiff's Complaint do not end with Plaintiff's failure to link Defendants' conduct to his alleged injuries. He has also failed to state a claim in Counts One and Two.

**A. Count One – Access to Courts**

The right of meaningful access to the courts prohibits state officials from actively interfering with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or

complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration."). The right "guarantees no particular methodology but rather, the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356.

As a matter of standing, for an access to courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation; the plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a nonfrivolous claim that he wished to present. Lewis, 518 U.S. at 351-53. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Id. at 348. Plaintiff has alleged no actual injury in Count One. Therefore, the Court will dismiss without prejudice Count One.

**B. Count Two – Claims Under Hart v. Hill**

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must show that the conduct of the Defendants deprived him of a constitutional right. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). Injunctive relief sought in connection with the rights enumerated in the Amended Judgment of the class action Hart v. Hill, CV 77-0479-PHX-EHC (MS), may only be sought or enforced within the original case. The Amended Judgment in the class action precludes Plaintiff from seeking separate and individual injunctive relief.

Likewise, Hart v. Hill provides no independent cause of action for monetary relief. Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws." Id. at 1123. Remedial decrees are the means by which unconstitutional conditions are corrected, but they do not create or enlarge constitutional rights. Id. at 1123.

1  Therefore, the Court will dismiss without prejudice Count Two.

2  **VI.  Motion for Counsel**

3  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when

4  "exceptional circumstances" are present.  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

5  1991) (the trial court did not abuse its discretion in refusing to appoint counsel where the

6  inmate demonstrated sufficient writing ability and legal knowledge to articulate his claim,

7  the facts and issues alleged were not of substantial complexity, and the inmate was unlikely

8  to succeed on the merits).  A determination with respect to exceptional circumstances

9  requires an evaluation of the likelihood of success on the merits as well as the ability of

10  Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved.

11  Id.  "Neither of these factors is dispositive and both must be viewed together before reaching

12  a decision."  Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

13  Having considered both elements, it does not appear at this time that exceptional

14  circumstances are present that would require the appointment of counsel in this case.

15  Accordingly, the Court will deny without prejudice Plaintiff's motion for appointment of

16  counsel.

17  **VII.  Motions for Production**

18  Plaintiff's discovery-related motions for production are premature, and the Court will

19  deny them without prejudice. The Court will issue a scheduling order setting discovery

20  deadlines *after* Defendant has answered the Complaint.

21  **VIII.  Warnings**

22  **A.  Release**

23  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

24  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

25  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

26  in dismissal.

27  . . . .

28  . . . .

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must be accompanied by a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  The Court may strike any filing that fails to comply with these requirements.

**D. Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $7.00.

(3)  Plaintiff's Motion for Appointment of Counsel (Doc. #3) is **denied** without prejudice.

(4)  Plaintiff's Motion for Production of Documents (Doc. #4) is **denied** without prejudice.

(5)  Plaintiff's Motion for Production of Documents (Doc. #5) is **denied** without prejudice.

(6)  Counts One, Two, Three, and Four and Defendants John Does Jail Officials are **dismissed** without prejudice.

(7)  Defendant Arpaio must answer Count Five.

(8)  The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(9)  Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(10)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(11)  The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(12)  The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)  Personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

(b)  Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and

TERMPSREF

return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(13) **If Defendant agrees to waive service of the Summons and Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(14)  Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(15)  This matter is referred to Magistrate Judge Virginia A. Mathis pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 27th day of September, 2006.


Stephen M. McNamee
United States District Judge