**WO**                                          LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Lovelle Joseph,<br>      Plaintiff,<br>vs.<br>Joseph M. Arpaio,<br>      Defendant. | No. CV 06-1703-PHX-SMM (VAM)<br><br>**ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF** |

Shortly after filing his civil rights action, Plaintiff Ronnie Lovelle Joseph filed two motions seeking injunctive relief (Doc. ##6-7). The Court will deny the motions.

## I.  Procedural History

Plaintiff brought five counts for relief in his original Complaint regarding conditions in the Fourth Avenue Jail. The Court dismissed all counts except Count V (Doc. #8). In Count V, Plaintiff alleged that the jail's "unconstitutional punishment meals program" amounted to "deliberate torture" by Defendant Maricopa County Sheriff Joseph Arpaio, who imposed the program "to make sure you don't come back [to jail]" (Doc. #1 at 6-B). Count V did *not* assert that the food program violated Plaintiff's religious beliefs or was retaliatory in any fashion.

Plaintiff filed two motions seeking injunctive relief. In the first, he contends that food products containing pork are against his religious beliefs (Doc. #6). He asserts that "this" has been happening for more than a year, but since he filed this action, the pork in his food

"is clearly a retaliatory move by agents of M.C.S.O." (Id. at 2-3). In his second motion for injunctive relief, Plaintiff asserts that the "discriminatory brunch meals program" is unconstitutional because pork eaters receive a variety of meat sandwiches, whereas non pork-eaters receive only peanut butter, cheese and infrequently, turkey (Doc. #7 at 1-2). He believes that he should more frequently be served non-pork meat sandwiches. Plaintiff believes this treatment is retaliatory by staff, who has a "permanent chip against those of us who refuse to eat pork" (Id. at 3). Neither motion clearly specifies the type of relief that Plaintiff desires.

**II. Analysis**

A preliminary injunction is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success in the underlying claim and possible irreparable injury. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*); Warsoldier v. Woodford, 418 F.3d 989, 993-94 (9th Cir. 2005); Pratt v. Rowland, 65 F.3d 802, 805 (9th Cir. 1995). Alternately, a party may show that serious questions going to the merits were raised and the balance of hardships tips sharply in his favor. Warsoldier, 418 F.3d at 994.

An injunction is appropriate to grant intermediate relief on the same character as which may be granted finally, and relief is not proper when requested on matters lying wholly outside the issues in suit. DeBeers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945); Kaimowitz v. Orlando, Fl., 122 F.3d 41, 43 (11th Cir.) (*per curiam*), amended, 131 F.3d 950 (11th Cir. 1997) (*per curiam*). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (*per curiam*). Plaintiff has not established that relationship.

Neither of Plaintiff's motions relate related to the conduct alleged in Count V. In Count V, Plaintiff asserted that the meal program amounted to deliberate torture by Sheriff Arpaio. Plaintiff's motions for injunctive relief, however, claim that because his religious beliefs do not allow him to eat pork, jail staff has retaliated against him by giving him pork

1  and by providing fewer options for meat sandwiches than inmates who eat pork.  In addition,
2  both of Plaintiff's motions concern conduct by unidentified jail staff members, and the only
3  Defendant in this action is Sheriff Arpaio.   For these reasons, Plaintiff's requests for
4  injunctive relief will be denied.

5  **IT IS ORDERED** that Plaintiff's motions for injunctive relief (Doc. ##6-7) are
6  **denied**.

7  DATED this 5th day of October, 2006.

Stephen M. McNamee
United States District Judge